**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dannielle Owens; et al., | No. CV 10-2696-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Recontrust Company, NA,<br>BAC Home Loans Servicing LP,<br>Bank of America, NA,<br>Mortgage Electronic Registration Systems, Inc., | |
| Defendants. | |

On January 21, 2011, Plaintiff filed an "emergency" motion seemingly seeking to stop a Trustee sale of a residence. Doc. 16. The motion indicates a Trustee sale date of February 25, 2010. *Id*. However, in the motion to dismiss (Doc. 7), Defendants indicate that the Trustee sale is scheduled for January 26, 2011 (tomorrow). Doc. 7 at 3. Further, the record of the superior court attached to the notice of removal indicates that a Temporary Restraining Order stopping the Trustee sale was entered on December 7, 2010. Doc. 1-1 at 2. Thus, the record is less than clear as to when a Trustee sale may go forward.

Courts have held that if a Plaintiff does not obtain an injunction to block the Trustee sale, many of the claims involving the Trustee sale of the type Plaintiff is raising herein are waived. *See Spielman v. Katz*, 2010 WL 4038838, *3 (D. Ariz. 2010) (citing A.R.S. § 33-

811(C));[1] *but see Martenson v. RG Financing*, 2010 WL 334648, *8 (D. Ariz. 2010) (concluding that the plaintiff does not waive certain notice objections irrespective of the Trustee's sale).

Before this Court considers the merits of the request for injunction, the Court must consider Plaintiff's ability to bring suit. In her complaint, Plaintiff lists herself individually and as Trustee of the Abraham Family Trust dated 1/30/2007. Doc. 1-1 at 7. In the motion to dismiss, Defendants argue that the residence in question is held in the name of the Trust only, and that Plaintiff, pro se, cannot act on behalf of the Trust. Doc. 7 at 5. Generally, Defendants are correct that a trustee cannot appear in court pro se on behalf of a trust. *Diversified Metal Products v. T-Bow Co. Trust*, 158 F.R.D. 660, 664-65 (D. Idaho 1994) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).[2]

Further, before this Court can consider the merits of this case, the Court must be sure it has jurisdiction. *See* Doc. 9. Per this Court's January 5, 2011 order, Defendants have until January 28, 2011 to plead jurisdiction.

Given the state of this record, and to preserve the status quo in the event a Trustee sale is scheduled for tomorrow,

IT IS ORDERED that this Court hereby adopts the Temporary Restraining Order entered by the Superior Court until this Court can rule on the emergency motion filed on January 21, 2011.[3]

---

[1] The Court has not had occasion to address whether the waiver provisions of A.R.S. § 33-811(C) apply to the newly exacted A.R.S. § 33-807.01 (2010).

[2] Although the opinion is unpublished, the Arizona Courts appear to enforce the same requirement. *R. Charles Bryfogle/MacKenzie Trust v. Afinowich*, 2007 WL 5463550, ¶ 8 (Ariz. App. 2007).

[3] Specifically, the Court stated, "IT IS ORDERED enjoining Defendants and any persons in active concert or participation with them from proceeding with any Trustee Sale(s) concerning Plaintiff's property prior to the litigation of this matter or until further order of the Court." Doc. 1-1 at 3.

1    IT IS FURTHER ORDERED that setting a hearing on the emergency motion (Doc.
2 16) for Thursday, February 17, 2011 at 4:15 p.m.
3    IT IS FINALLY ORDERED that if Plaintiff does not obtain counsel by the hearing,
4 the Court will dismiss this case, without prejudice.
5    DATED this 25th day of January, 2011.

*James A. Teilborg*
United States District Judge