**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Owens, | ) No. CV-10-2696-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Recontrust Company, NA, et al., | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff's Motion requesting multiple relief from the trial court (Doc. 34). Part of that motion demands that James E. Teilborg "recuse himself" for "conflict of interest and judicial misconduct" That motion has been assigned to this Court for the limited purpose of determining whether Judge Teilborg's removal from this case is required (Doc. 34). Having carefully considered that question, the Court denies the motion in all respects referred.

Two statutes govern the removal of a district judge from a case on which he or she is sitting: 28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. A motion properly brought pursuant to § 144 "must be referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Section 144 further requires that an affidavit be filed in support of the motion that

must state "facts and the reasons for the belief" "sufficient" to demonstrate "that the judge before whom the matter is pending has a personal bias or prejudice either against him [or her] or in favor of any adverse party." 28 U.S.C. § 144. Although Plaintiff styles her motion as a verified motion, it is not, in fact, verified and is not accompanied by an affidavit. It is therefore deficient on its face. Section 144, "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Sibla*, 624 F.2d at 867. *Id.* at 868 ("Of course, if the *motion and affidavit* required by section 144 is not presented to the judge, no relief under section 144 is available." (emphasis added)).

Even if this Court were to evaluate the bare assertions of Plaintiff's motion, however, it is insufficient to suggest that Judge Teilborg has demonstrated bias or prejudice under section 144. Plaintiff asserts that comments made by Judge Teilborg during a hearing on her Motion to Sequester the Genuine Note Until Final Adjudication of This Matter, Doc. 16, establish his bias or prejudice.

She asserts that, during the hearing, Judge Teilborg stated that he doubted that Plaintiff could succeed on the merits, and that after reading Plaintiff's Motion and complaints it seemed that what she was requesting was contrary to law. Judge Teilborg then asked Plaintiff to step to the podium and tell him why she was likely to succeed on the merits. Plaintiff indicated that she was confused by Judge Teilborg's request and indicated at the time that she was not waiving her right to a jury trial, but apparently presented no facts or argument to Judge Teilborg demonstrating that she was likely to succeed on the merits. She merely asked him what he meant by his questions.

She further asserts that Judge Teilborg's bias was evidenced when he told her that she could not make objections during the presentation of the Defendant. And, finally, she asserts that bias was evidenced when the defense counsel was not sworn in.

These statements and actions lead Plaintiff to believe without any other asserted basis that Judge Teilborg may have received "pecuniary gain from Defendants", or perhaps he is biased against Plaintiff because she is female, African-American, a pro se litigant, and/or all of the aforementioned. Plaintiff's motion to recuse is without merit.

Plaintiff's Motion to Sequester the Genuine Note sought preliminary injunctive relief from the Court. In such a motion, by its very nature, Plaintiff requested that the Court grant her emergency relief before both sides have a fair chance to present all of the evidence to a jury at a full trial on the case. As a result, that law requires that Plaintiff establish both that she has at least some likelihood of prevailing on the merits of her case at trial, and that she will suffer irreparable injury if she does not obtain the relief she requests before both sides can present a trial to the court. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* at 1200 (citations omitted); *see* Fed. R. Civ. P. 65. "In this circuit, the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Id.* at 1201; *see GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000) (citing *Sardi's Rest. Corp.*, 755 F.2d at 723).

When Judge Teilborg indicated to the Plaintiff that, after reading her complaint and motion he did not believe that the law authorized the relief she was seeking, and provided her with the opportunity to demonstrate why she was likely to prevail upon her complaint, he was not doing anything other than following a fairly standard procedure for hearings in which a Plaintiff requests the type of emergency relief that Plaintiff sought here. To the extent that Judge Teilborg's inquiry expressed a tentative legal conclusion on his part, a judge's adverse ruling is not a basis on which his removal can be sought." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986).

As for Judge Teilborg's statement that Plaintiff was not allowed to object during defense counsel's oral argument, such a role is a standard rule of protocol in any court. Plaintiff is allowed to interrupt defense counsel at trial when he is asking questions of a witness that Plaintiff believes to be inappropriate under the Federal Rules of Evidence.

1  Nevertheless, as a standard matter of courtesy, Plaintiff is not generally allowed to interrupt
2  opposing counsel when he is making his argument to the Court.

3  To the extent that defense counsel was not sworn into evidence, this also does not
4  depart from usual procedure. Persons or parties are sworn in only if they are going to testify
5  before the Court. A lawyer for a party need not be sworn in, because, except in rare
6  circumstances, a lawyer does not testify to the Court. A lawyer's argument of his client's
7  position to the Court does not constitute testimony. By contrast, when a party is representing
8  herself, her presentation to the Court may include both argument and testimony. In such
9  cases it does not demonstrate bias or prejudice to have the *pro se* party sworn in.

10  Thus, none of the matters asserted by Plaintiff establish, let alone suggest, that Judge
11  Teilborg is biased or prejudiced either against Plaintiff or in favor of Defendant. Plaintiff's
12  speculation that Judge Teilborg is biased against Plaintiff because Judge Teilborg either
13  accepted a bribe from Defendants, or is prejudiced against her because of her gender, race
14  or *pro se* status is wholly unsupported by any asserted facts and is wholly inadequate to result
15  in his removal. *United States v. Vespe,* 868 F.2d 1328, 1340 (3rd Cir. 1989) (holding that
16  affidavit containing merely conclusory statements or opinion need not be credited in
17  considering a motion to recuse.).

18  The mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 1944 does
19  not automatically disqualify a judge. A judge ruling on the motion has both the authority,
20  and the duty, to decide whether a claim of bias is legally sufficient. In doing so the statute
21  "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks
22  on its dignity and integrity and to prevent abuse and insure the orderly functioning of the
23  judicial system." *Rademacher v. City of Phoenix,* 442 F. Supp. 27, 29 (D. Ariz. 1977)
24  (citations omitted).

25  To the extent that Plaintiff's motion is based on 28 U.S.C. § 455(a), that statute
26  requires that "any justice, judge, or magistrate [magistrate judge] of the United States shall
27  disqualify himself in any proceeding in which his impartiality might reasonably be
28  questioned." 28 U.S.C. § 455(a). The statute also provides additional bases on which a

1 judge might also disqualify himself or herself. The statutory "is self-enforcing on the part
2 of the judge." *Sibla.* at 867-68. "[I]t includes no provision for referral of the question of
3 recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under
4 section 455, that judge has a duty to recuse himself or herself." *Id.* at 868. In ordering that
5 the instant motion be reassigned, this Court thus interprets Judge Teilborg's request to be
6 limited to ruling on section 144. (Doc. 36). Nevertheless, to the extent Judge Teilborg has
7 also referred any aspect of Plaintiff's motion that might implicate section 455 to this Court,
8 for the reasons stated above, Plaintiff has not set forth any basis for reasonably questioning
9 the impartiality or the disqualification of Judge Teilborg.

10    Accordingly,

11    **IT IS HEREBY ORDERED** denying Plaintiff's Motion (Doc. 34) in all respects
12 referred to this Court for ruling.

13    DATED this 31st day of March, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge