**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dannielle Owens; et al., | No. CV 10-2696-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Recontrust Company, NA,<br>BAC Home Loans Servicing LP,<br>Bank of America, NA,<br>Mortgage Electronic Registration Systems, Inc., | |
| Defendants. | |

Currently pending before the Court are Defendants' Motion to Dismiss (Doc. 7) and Plaintiff's Motion to Strike Reply in Support of Motion to Dismiss (Doc. 17). The Court now rules on the Motions.

**BACKGROUND**

On August 23, 2006, Plaintiff Dannielle Owens borrowed $594,600 from First Magnus Financial Corporation (the "Loan") to purchase residential property in Litchfield Park, Arizona (the "Property"). Defendant Bank of America Home Loans Servicing LLP ("BACHLS") services the Loan. Plaintiff executed a Deed of Trust that evidences and secures the Loan.

Plaintiff defaulted on the Loan in October of 2006. She filed a Chapter 13 Petition in the United States Bankruptcy Court for the District of Arizona on December 13, 2007.

(2:07-bk-06793-CGC). Her bankruptcy was converted to a Chapter 7 proceeding on April 8, 2008. Plaintiff admitted her default on the Loan during the bankruptcy proceedings. Attempts to foreclose on the Property were forestalled until Plaintiff's discharge from bankruptcy on January 13, 2009.

On September 2, 2009, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary of the Deed of Trust, assigned its interest in the Deed of Trust to BACHLS. That same day, BACHLS appointed Defendant Recon Trust Company, N.A. ("Recon") as successor trustee under the Deed of Trust. Recon filed a Notice of Trustee Sale set for December 8, 2009.[1] It appears from the record available to the Court that, to date, no Trustee Sale of the Property has been held.

Plaintiff filed her Complaint in Arizona state court on November 23, 2010.[2] Defendants removed to this Court on December 15, 2010. Before Defendants removed, the state court, after an *ex parte* hearing, granted a Temporary Restraining Order ("TRO") to Plaintiff prohibiting the sale of the Property. (Doc. 1-1 at 2.) This Court adopted the TRO entered by the state court until the Court could rule on the emergency motion filed in the case on January 21, 2011. (Doc. 19.)

Plaintiff filed an "Emergency Motion to Sequester the Genuine Original Note Until Final Adjudication of this Matter" on January 21, 2011 (Doc. 16), which the Court treated as a motion to enjoin the Trustee Sale. (Doc. 19.) The Court denied Plaintiff's Emergency Motion to Sequester the Genuine Original Note on February 17, 2011, finding that Plaintiff had not demonstrated a likelihood of success on the merits. (Doc. 33.)

Defendants filed the pending Motion to Dismiss on December 22, 2010. (Doc. 7.)

---

[1] A Trustee Sale noticed for 2007 had been cancelled.

[2] Plaintiff filed a Complaint (Special Action - Declaratory Judgment) and a Complaint to Quiet Title Action on the same day under the same case number. The Court will treat the Complaint (Special Action -Declaratory Judgment), the more exhaustive pleading, as the operative Complaint in this case.

1 | Plaintiff responded on January 3, 2011. (Doc. 8.) Defendants filed their Reply in Support on January 13, 2011. (Doc. 11.) Plaintiff moved to strike Defendants' Reply on January 24, 2011. (Doc. 17.)

## LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will

not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## **ANALYSIS AND CONCLUSION**

**A. Count 1**

Plaintiff alleges in Count I that the Deed of Trust and Promissory Note she executed in conjunction with the Loan are invalid, unenforceable, and void. Plaintiffs makes a few different arguments in support of this contention.

Plaintiff argues that the Deed of Trust and Promissory Note are dated August 23, 2006, so she must have signed them on August 23, 2006, but that the Deed of Trust was not notarized until August 24, 2006. Plaintiff indicates wrongdoing on the part of the notary because, according to Plaintiff's research, a notary cannot notarize a document without the signer being in the notary's presence.

Plaintiff does not state that she defnitely signed the closing documents on August 23; just that she thinks she "must have." It would not be unusual for a document to have a date different than the date it was actually signed. Nor is it impossible that Plaintiff signed on

- 4 -

1  August 23, then attested to her signature before the notary on August 24. As Defendants
2  point out, a signer can acknowledge her signature in the presence of a notary, even if the
3  signer did not sign in the presence of a notary.[3]

4  Importantly, Plaintiff does not deny that she did sign the Deed of Trust. By signing
5  the Deed of Trust, she granted a security interest in the Property. Plaintiff has acknowledged
6  the Loan and her responsibility for it in her prior bankruptcy proceeding. Her argument here
7  seems directed toward alleged improprieties by the notary – failure to write the date the
8  notary commission expired and discrepancies with the dates. But she does not cite any
9  authority for the proposition that alleged wrongdoing by a notary somehow defeats a Deed
10 of Trust and unwinds a mortgage transaction. Plaintiff cites nothing supporting the
11 contention that alleged notarization improprieties somehow entitle her to relief. The Court
12 finds that Plaintiff's notary arguments fail to state a claim.

13 Plaintiff alternatively argues that if she signed the Deed of Trust on August 24, 2006,
14 then it was not "together" with the Promissory Note that is dated August 23, 2006, which
15 impermissibly "separates" the Deed of Trust and the Note "pursuant to *Carpenter v.*
16 *Longan(1872)*". (Doc. 1-2, p.11.) This Court previously has rejected foreclosure plaintiffs'
17 attempts to rely on *Carpenter v. Longan*, 83 U.S. 271, 274 (1872) for their "impermissible
18 separation" theory. *See, e.g., Maxa v. Countrywide Loans, Inc.*, 2010 WL 2836958 *4 (July
19 19, 2010). Plaintiff's separation of the Deed of Trust and Promissory Note theory therefore
20 fails to state a claim for relief.

21 Plaintiff also argues that because the Deed of Trust and Promissory Note signature
22 lines had the word "seal" by them, then a seal had to be affixed for them to be valid. Plaintiff
23 alleges, "In American law, Signed, sealed and delivered is still a requirement." (Doc. 1-2,
24 p.12.) Plaintiff has cited no support for her argument that the Deed of Trust statutes require

---

[3]A.R.S. §41-311 defines acknowledgment as "a notarial act in which a notary certifies that a signer, whose identity is proven by satisfactory evidence, appeared before the notary and acknowledged that the signer signed the document."

1 │ the affixation of a seal for validity. The Court therefore rejects this argument.

2 │ Because Plaintiff has failed to state a claim for invalidity, unenforceability, or
3 │ voidness, the Court grants Defendants' Motion to Dismiss Count I.

**B. Count 2**

Plaintiff alleges in Count 2 of her Complaint that she never actually received a loan from First Magnus Financial Corporation. This argument seems to combine an "alias" theory, mentioning that the loan documents refer to Plaintiff as "Dannielle G. Owens an unmarried woman," rather than plain Dannielle G. Owens, and a theory of liability courts have referred to as the "vapor money theory."

Plaintiff cites no authority for her "alias" theory, which is not surprising, because the argument is nonsensical. Nor does she cite any case law supporting her vapor money theory, which the undersigned previously has rejected as a viable legal theory. *De Leon v. Reconstruct Co.*, 2010 WL 4739954, *2 (D.Ariz. November 16, 2010); *see also Frances Kenny Family Trust v. World Savings Bank*, 2005 WL 106792, *5 (N.D.Cal. Jan.19, 2005)(holding vapor money claims challenging the legitimacy of a loan have "no basis in law. [They have] been squarely addressed and rejected by various courts throughout the country for over twenty years."). The Court therefore grants Defendants Motion to Dismiss Count 2 for failure to state a claim.

**C. Count 3**

In Count 3, Plaintiff alleges that Defendants received proceeds from miscellaneous third-party sources sufficient to discharge her debt. Plaintiff does not argue that a person or an entity has given money to Defendants specifically to pay down her Loan. Rather, Plaintiff argues that Defendants have received sums through bailouts, mortgage insurance, Credit Default Swap payments, and credit enhancements sufficient to cover the entire amount of the Loan. Because Plaintiff has not alleged that she, or anyone else on her behalf, has paid back the Loan, as secured by the Deed of Trust, the Court finds this claim fails as a matter of law. The Court therefore grants Defendants' Motion to Dismiss Count 3.

**D. Count 4**

Plaintiff alleges in Count 4 that Defendants did not adhere to all the requirements of the Deed of Trust statutes regarding the Notice of Trustee Sale and time to cure default. Plaintiff claims that she did not receive a 30-day notice of her right to cure default before the Trustee Sale was noticed. But at the time Plaintiff filed suit and when Defendants filed their Motion to Dismiss, no Trustee Sale had occurred. No cause of action exists for violation of the Deed of Trust statutes until after a Trustee Sale has been held because a plaintiff suffers no harm until that point. *See Patton v. First Federal Sav. and Loan Ass'n of Phoenix*, 578 P.2d 152, 155 (Ariz. 1978)("The Deed of Trust statutes neither state nor imply that appellants could obtain any relief other than a voiding of the sale and possibly an award of damages resulting from the void sale, and appellants have offered no authority to support a claim for damages when the Deed of Trust statutes have been violated but the trustee's sale was not held."). Further, by this point in the proceedings, Plaintiff has received more than adequate time to cure her default, but has not done so. The Court therefore grants Defendants' Motion to Dismiss Count 4.

**E. Count 5**

Plaintiff makes several scattered arguments in Count 5, which rambles on for ten pages. While not totally clear, Plaintiff's Count 5 seems to center around MERS not being eligible as beneficiary of the Deed of Trust. The undersigned previously has rejected arguments that MERS cannot be a beneficiary under a deed of trust because MERS never acquires a true beneficial interest. *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, *10 (D.Ariz. September 24, 2009)("Plaintiffs' argument that MERS is a 'sham' beneficiary is unconvincing . . . The fact that MERS does not obtain such rights as to collect mortgage payments or obtain legal title to the property in the event of non-payment does not transform MERS' status into a 'sham.'"). To the extent Plaintiff's Count 5 attempts to make a MERS strawman argument, that argument fails to state a claim. The Court therefore grants Defendants' Motion to Dismiss Count 5.

### F. Count 6

The Court has trouble discerning the precise allegations contained in Count 6. Plaintiff seems to make a show-me-the-note/UCC holder in due course argument. In Arizona, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002). *See also* A.R.S. § 33-807(A) (providing power of sale authority to trustee after default). Plaintiff does not cite, nor is the Court aware of, any controlling Arizona authority requiring the production of the original note before the commencement of a Trustee Sale. To the contrary, courts within the District of Arizona "have routinely held that [the] 'show me the note' argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009) (quoting *Mansour v. Cal-W. Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009)). And the Arizona Court of Appeals, citing precedent from this Court, recently confirmed that "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings." *Hogan v. Wash. Mut. Bank, N.A.*, __ P.3d__, 2011 WL 3108343, at *2 (Ariz.Ct.App. July 26, 2011).

Plaintiff mentions RESPA in Count 6. (Doc. 1-2, p.35.) Plaintiff alleges, "Please note, to date, the defendants continue to violate plaintiff's consumer rights by failing to comply with Section 6 of RESPA (12 U.S.C.A. 2605). A complaint has been filed with the Office of RESPA & Interstate Land Sales, US Department of Housing & Urban Development." (Id.) This allegation is more of an aside, and Plaintiff seems to be pursuing her RESPA claim through other avenues. To the extent she does attempt to allege a RESPA violation here, that claim fails because Plaintiff has not alleged facts sufficient to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. Plaintiff makes nothing more than a naked assertion that Defendants violated RESPA.

Because Plaintiff's show-me-the-note and RESPA arguments fail to state a claim

entitling her to relief, the Court grants Defendants' Motion to Dismiss Count 6. Plaintiff failed to state a claim for relief in the Complaint, the Court therefore will grant Defendants' Motion to Dismiss as to all Counts.

The Court notes that the state court TRO adopted by the undersigned on January 25, 2011 expired at the hearing on February 17, 2011. Even if the TRO had not expired, the Court's granting of Defendants' Motion to Dismiss would vacate the TRO.

Plaintiff filed a Motion to Strike Defendants' Reply in Support of Motion to Dismiss. Plaintiff claims that the Reply is untimely. The Court finds that Defendants timely filed their Reply. The Court therefore denies the Motion to Strike. The Court further denies Plaintiff's request to file a Sur-Reply. Nothing in Defendants' Reply necessitates further argument from Plaintiff.

Accordingly,

**IT IS ORDERED** GRANTING Defendants' Motion to Dismiss (Doc. 7). The Clerk shall enter judgment for Defendants.

**IT IS FURTHER ORDERED** DENYING Plaintiff's Motion to Strike Reply in Support of Motion to Dismiss (Doc. 17).

DATED this 22nd day of August, 2011.

James A. Teilborg
United States District Judge